UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 1: 26-cv-12219-AK |
| v. | ) | |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 73.143.123.91, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**A.  KELLEY, D.J.**

Plaintiff Strike 3 Holdings, LLC ("Strike 3") brings this action against a John Doe

("Doe") for copyright infringement.  Strike 3 owns several motion pictures, which it alleges Doe

is downloading and distributing in violation of 17 U.S.C. Sections 101 and 501.  [Dkt. 1].  Doe

uses BitTorrent, a protocol which can anonymously download and distribute content.  [Id.].  Due

to its anonymity, the only information Strike 3 has about Doe is its protocol ("IP") address.  For

this reason, Strike 3 has submitted a motion for leave to serve a third-party subpoena on Comcast

Cable Communications, LLC ("Comcast Cable"), Doe's internet service provider ("ISP"), to

obtain the name and address of Doe.  [Dkt. 7].  For the following reasons, Strike 3's motion for

leave to serve a third-party subpoena [Dkt. 7] is **GRANTED SUBJECT TO CERTAIN**

**RESTRICTIONS.**

**I.       BACKGROUND**

Unless otherwise noted, the facts are presented as alleged in Strike 3's complaint.  [Dkt.

1].  Strike 3 is the owner of multiple adult films that are released on specific websites that the

1

public must pay to access.  [Id.].  John Doe is allegedly infringing the copyright of thirty-two Strike 3 films by illegally downloading and distributing them via a protocol known as BitTorrent, a system designed to quickly distribute large files over the Internet.  [Id.].  BitTorrent breaks down the original data media file into numerous pieces to create what is known as a ".torrent file."  [Id.].  The end user must then obtain this file, as it corresponds to the piece of media that they wish to download.  Each of these files contain important metadata, which when put into the cryptographic algorithm, creates a "hash value".  [Id.].  This is data used to identify the other pieces of the .torrent file, using the "Info Hash."  [Id.].  Using this, an end user can collect every piece of the original file, and it is automatically reassembled into its original form. [Id.].

To track any potential infringers, Strike 3 developed a system called "VXN scan."  [Id.]. This system establishes a direct connection with IP addresses while Doe is using the BitTorrent network.  [Id.].  The system can then obtain the .torrent files and use them to download the corresponding media files.  [Id.].  These are compared to the original works to determine if they infringe on Strike 3's copyright.  [Id.].  VXN Scan is then able to use the "Info Hash value," which is in the metadata of the file, to download the file to verify if it is the same.  [Id.].

Strike 3 used this system to confirm and identify that Doe infringed thirty-two of their films. [Dkt. 1-1].  Exhibit A [Dkt. 1-1] shows the IP address of Doe, as well as the information obtained by VXN Scan.  [Id.].  Based on this data, Strike 3 alleges that Doe illegally downloaded, copied, and distributed their movies.  [Dkt. 1].  Doe's IP address can serve to identify who they are, but only their ISP has the necessary information to connect it to the identity of John Doe.  [Id.].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) allows plaintiffs to seek a court order for discovery before the parties have conferred at a Rule 26(f) conference.  While the First Circuit has not established a standard for allowing a subpoena against a third-party prior to a Rule 26(f) conference, courts in this district require a showing of "good cause" to order Rule 26(d) discovery.  Strike 3 Holdings, Inc. v. Doe, 621 F. Supp. 3d 145, 149 (D. Mass 2022).  In addition to requiring "good cause" for an action, this district applies a five-factor test: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." London-Sire Recs., Inc. v. Doe 1, 542 F. Supp. 2d 153, 164 (D. Mass. 2008) (quoting Sony Music Ent. Inc. v. Doe, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)).

## III.    DISCUSSION

The Court first considers whether Strike 3 has made a "a concrete showing of a prima facie claim of actionable harm[.]"  London-Sire Recs., 542 F. Supp. 2d at 164.  In this case, the actionable harm is Doe's copyright infringement.  To establish copyright infringement, the plaintiffs must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Perea v. Ed. Cultural, Inc., 13 F.4th 43, 52 (1st Cir. 2021) (quoting Latin Am. Music Co. Inc. v. Media Power Grp., Inc., 705 F.3d 34, 38 (1st Cir. 2013)).  Strike 3 has stated that they own a copyright for the aforementioned films, [Dkt. 1-1], and Exhibit A of Strike 3's complaint contains all the particulars surrounding their copyright in said films, including date of publication, date of registration, and the copyright

3

registration number.  [Id.].  Doe copied Strike 3's original work using the BitTorrent software, as described in Section I of this order.  Therefore, the first factor weighs in Strike 3's favor.

The second element evaluates the "specificity of the discovery request."  London-Sire Recs., 542 F. Supp. 2d at 164.  Strike 3 has limited its request to the name and address that is associated with the infringing IP address.  [Dkt. 7-1].  These two pieces of information are essential for the case to proceed.  See Malibu Media, LLC v. Doe, No. 15-CV-7788 (KMW), 2016 WL 1651869 at *2 (S.D.N.Y. Apr. 26, 2016).  The name and address of the IP user will allow Strike 3 to effectuate service against the defendant, and since it requests no other information, this factor weighs in favor of granting Strike 3's request.

The third factor, "the absence of alternative means to obtain the subpoenaed information," also weighs in favor of granting Strike 3's request.  London-Sire Recs., 542 F. Supp. 2d at 164.  Doe's ISP is the only entity that can identify the requested information using the IP address.  See Viken Detection Corp. v. Doe, No. 19-CV-12034-NMG, 2019 WL 5268725, at *1 (D. Mass. Oct. 17, 2019) (holding that the "only way the plaintiffs can realistically proceed" in a lawsuit against a John Doe defendant is to subpoena the ISP for the information connected to the IP address).  The BitTorrent software that Doe used is anonymous and Strike 3 has no other information regarding the identity of Doe.

The fourth element, "a central need for the subpoenaed information to advance the claim," overlaps with the second and third factors, which the Court has already discussed. London-Sire Recs., 542 F. Supp. 2d at 164.  For Strike 3 to proceed with the suit, it needs the name and address of the John Doe defendant, and furthermore, its subpoena is limited to this information alone, so it is not excessive in scope.  See Malibu Media, 2016 WL 1651869 at *3 (stating that the name and address of Doe defendant is "highly specific" because it is the "bare

4

minimum needed . . . [to] effectuate service"). Therefore, this factor also weighs in favor of Strike 3.

The fifth factor, "the party's expectation of privacy," also supports granting Strike 3's request. London-Sire Recs., 542 F. Supp. 2d at 164. To overcome the right to anonymity, "there must be enough facts to state a claim to relief that is plausible on its face." Arista Recs. LLC v. Doe, 604 F.3d 110, 120 (2d Cir. 2010) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 548 (2007)). Strike 3 has stated a plausible claim of copyright infringement. Moreover, Strike 3's request is limited to only the name and address of Doe, which is necessary for it to proceed. Therefore, the fifth factor also weighs in favor of Strike 3. In addition to granting this motion, the Court feels that it is appropriate to issue restrictions on the information that is obtained by Strike 3 to safeguard the privacy interests of the Doe Defendant.

## IV.    CONCLUSION

For the foregoing reasons, Strike 3's motion for leave to serve a third-party subpoena [Dkt. 7] is **GRANTED, WITH THE FOLLOWING RESTRICTIONS:**

- Strike 3 may immediately serve a third-party subpoena upon Comcast Cable, pursuant to Rule 45 of the Federal Rules of Civil Procedure, requiring Comcast Cable to disclose only the name and address of the subscriber associated with IP address 73.143.123.91. The subpoena shall have a copy of this Order attached.

- Comcast Cable shall have 15 days from the date the subpoena is served upon it to serve the affected internet subscriber with a copy of the subpoena and a copy of this Order. Comcast Cable may use any reasonable means to do so, including but not limited to written notice to the subscriber's last known address.

- The internet subscriber shall have 30 days from the date of service of the subpoena upon him or her to file any motion with the Court to quash or contest the subpoena, including any request to litigate the subpoena anonymously.  Comcast Cable shall **not** produce any subpoenaed information to Strike 3 during this period, without further order from this court.

- If this 30-day period lapses without the internet subscriber filing a motion to quash the subpoena with this court with service upon Comcast Cable, Comcast Cable shall produce to Strike 3 all information necessary to comply with the subpoena within 10 days thereafter.

- Pursuant to Rule 45, Comcast Cable may also move to contest the subpoena.  If it does so, it shall ensure that its filings do not disclose to Strike 3 any identifying information concerning the affected internet subscriber.

**SO ORDERED.**

Dated: June 8, 2026                                    /s/ Angel Kelley
                                                       Hon. Angel Kelley
                                                       United States District Judge

6